# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Paducah Division

| | |
|---|---|
| Amy C. D'Angelo ) | |
| Ronald P. D'Angelo ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Case No. 5:13CV-221-R |
| ) | |
| CACH, LLC ) | |
| *Defendant* ) | |
| ) | |
| Serve: ) | |
| ) | |
| The Corporation Company ) | |
| 1675 Broadway Suite 1200 ) | |
| Denver, CO 80202 ) | |
| ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action by consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. In March of 2012, Defendant CACH, LLC violated the FDCPA by attempting to collect usurious interest from the D'Angelos that was neither authorized by contract not permitted by law. CACH further violated the FDCPA by attempting to collect a debt from Mr. D'Angelo which he does not owe. These and other acts are an express violation of the FDCPA.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiffs Amy and Ronald Dangelo are natural persons who reside in McCracken County, Ky. Plaintiffs are "consumers" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant, CACH, LLC, is a foreign limited liability company, with its principal place of business located in Denver, Colorado. CACH has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth.

5. CACH is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS
## BACKGROUND

5. The D'Angelos are and were at all times mentioned herein "consumers" as defined by 15 U.S.C. § 1692a(3).

6. On August 1, 2007, Capital One Bank issued a check made payable only to Amy C. D'Angelo. (A copy of the check, Capital One's offer, and the terms and conditions of depositing the check is attached as Exhibit "A.")

7. Capital One's offer includes both Mr. and Mrs. D'Angelo in the heading of the letter, but the letter is addressed only to Ms. D'Angelo.

8. Capital One's offer states in pertinent part:

Dear Amy C. Dangelo:

*   *   *   *   *

Your check is attached below and is valid for only thirty (30) days. **Your account will be established once your check has been cashed** and your first payment will be due approximately 1 month(s) after that **(please see disclosure information on reverse). By cashing the check, you are agreeing to the terms and conditions of this loan.** If you do not cash the check within 30 days, it will be cancelled and your loan approval will be withdrawn.

(Emphasis added).

9. The terms and conditions on the back of the offer clearly list only Amy D'Angelo as the borrower.

10. So Capital One's offer was made only to Amy D'Angelo in the form of a check made payable to Amy D'Angelo.

11. According to Capital One's offer, the account or debt was created only *after* Ms. D'Angelo cashed the check made payable to Ms. D'Angelo.

12. Mr. D'Angelo did not sign the Capital One check.

13. Mr. D'Angelo is not liable on the Capital One check. KRS 355.3-401.

14. Ms. D'Angelo used the funds from the Capital One check for personal, family, or household purposes, making the Capital One check and the resulting account a "debt" within the meaning of the FDCPA.

15. Like many of her fellow citizens, the D'Angelos fell on some hard economic times as a result of the great economic recession that began in 2008 and which still reverberates today.

16. As result of these financial difficulties, Ms. D'Angelo fell behind on her payments to Capital One in May of 2010.

17. After 180 days of non-payment, Capital One closed and charged off Ms. D'Angelo's account.

18. The amount due on the date of charge off was $32,883.71.

19. On November 30, 2010, Capital One allegedly sold Ms. D'Angelo's debt to CACH.

20. The face amount due on the Capital One debt on the date of sale was still $32,883.71.

21. Upon information and belief, CACH paid somewhere between 4% and 5% of the face value of the debt, or no more than $1,645.00, for the Capital One debt.

22. In December 2010, CACH began reporting negative information in connection with both Mrs. D'Angelo and Mr. D'Angelo concerning the Capital One debt to one or more consumer reporting agencies.

23. CACH reported the information concerning Mr. and Mrs. D'Angelo to one or more consumer reporting agencies in an attempt to collect a "debt" from Plaintiffs within the meaning of the FDCPA.

24. The information reported to consumer reporting agencies concerning the D'Angelos fails to note that the debt is disputed.

25. As of the date of this complaint, CACH is still reporting negative information concerning both Mr. and Mrs. D'Angelo to one or more consumer reporting agencies.

26. On August 12, 2012, CACH sued both Amy and Ronald D'Angelo in attempt to collect Ms. D'Angelo's Capital One debt.

27. The D'Angelos vigorously defended the lawsuit pro se, including filing an answer denying CACH's standing to bring suit, denying liability, and filing several motions to dismiss the lawsuit and for summary judgment. The D'Angelos have devoted great time and expense in their

defense of the state-court lawsuit.

28. The D'Angelos defense of the state-court lawsuit against them put CACH on clear notice that they were disputing the Capital One debt.

29. On March 4, 2013, the law firm of Lloyd & McDaniel, PLC, acting on behalf of CACH, sent Amy D'Angelo a dunning letter that states in pertinent part:

> Our File No. C346953
> CACH, LLC Assignee
> Capital One National Assoc.
> Amy C. Dangelo
> $40,335.98
>
> Dear Amy C. Dangelo:
>
> We are writing in conjunction with tax refund time. Our client, CACH, LLC, would like to extend an opportunity for you to resolve the current amount owed. CACH, LLC is willing to accept either of the following settlement options based on your current balance of $40,335.98:

(A copy of the March 4, 2013 dunning letter is attached as Exhibit "B").

30. CACH's March 4th dunning letter includes interest and/or fees CACH has no legal right to collect.

31. The $40,335.98 demanded in the March 4, 2013 letter is $7,452.27 more than the face amount owed on the Capital One debt on the date that CACH purchased the debt: November 30, 2010.

32. There are 825 days between November 30, 2010 and March 4, 2013.

33. Assuming the application of simple interest, CACH accrued interest on Ms. D'Angelo's debt at a rate of $9.033 per day ($7,452.27/825 days), which works out to an annual amount of $3,297.06.

34. This means that CACH is accruing interest on Ms. D'Angelo's Capital One debt at a rate of over 10% per annum ($3,297.06/$32,883.71).

35. Upon information and belief, CACH has no legal right to charge and accrue interest on Ms. D'Angelo's Capital One debt at a rate of 10% per annum.

36. Consequently, CACH's March 4, 2013 dunning letter falsely represents the amount owed on Ms. D'Angelo's Capital One debt

37.     CACH has no legal right to collect a debt from Mr. D'Angelo that he does not owe.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

38.     Plaintiffs Amy and Ronald D'Angelo incorporates paragraphs 1-37 above as if fully set forth herein.

39.     The above-described actions by CACH constitute violations of the Fair Debt Collection Practices Act. Defendant CACH, LLC's violations of the FDCPA include, but are not limited to, the following:

   (a)   Violation of 15 U.S.C. § 1692f(1): CACH attempted to collect a debt that is not permitted by contract or law by, including but not limited to, attempting to collect unlawful interest from Plaintiffs in the March 4, 2013 dunning letter;

   (b)   Violation of 15 U.S.C. § 1692e(2)(A): CACH falsely representing the character, amount, and/or legal status of the debt by, including but not limited to, (i) adding an unlawful interest on the balance due of the debt in the March 4, 2013 dunning letter and (ii) claiming that Ron D'Angelo owed a debt to CACH that he did not in fact owe;

   (c)   Violation of 15 U.S.C. § 1692e(5): CACH threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to (i) attempting to recover interest and/or fees from Plaintiffs in the March 4, 2013 dunning letter that CACH had no legal right to collect, and (ii) by attempting to collect a debt from Mr. D'Angelo that he did not in fact owe;

   (d)   Violation 15 U.S.C. § 1692e(8): CACH reported information to one or more consumer reporting agencies information concerning Plaintiffs that CACH knew or should have known was false, including but not limited to, (i) falsely reporting that Ron D'Angelo owed a debt that he did not in fact owe, and (ii) failing to report Capital One debt as disputed; and

   (e)   Violation of 15 U.S.C. § 1692e(10): CACH falsely represented the amount owed on the Capital One debt by (i) adding an unlawful interest on the balance due of the debt in the March 4, 2013 dunning letter and (ii) CACH falsely represented that Ron D'Angelo owed a debt to CACH that he did not in fact owe.

WHEREFORE, Plaintiffs requests that the Court grant the following relief in their favor and against Defendant CACH, LLC:

1. The maximum amount of statutory damages provided under 15 U.S.C. §1692k for each plaintiffs;

2. Actual damages;

3. Attorney's fees, litigation expenses and costs;

4. A trial by jury; and

5. Such other and further relief as is appropriate.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzieatty.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyclc.com